Henry C. Wang (SBN 196537)
Email:  hwang@reedsmith.com
William Ross Overend (SBN 180209)
Email:  woverend@reedsmith.com
Michael A. Garabed (SBN 223511)
Email:  mgarabed@reedsmith.com
Karen Wan (SBN 248542)
Email:  kwan@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

*Attorneys for Plaintiff*
PINKBERRY, INC.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINKBERRY, INC., a California corporation,<br><br>                    Plaintiff,<br><br>     vs.<br><br>MONKEE'S TERIYAKI, INC., a California Corporation d/b/a MONKEE EXPRESS, YONGHEE KIM, an individual, and DOES 1 to 10, inclusive,<br><br>                    Defendants. | No.: CV 08-05924 VBF (JCx)<br><br>**ORDER, JUDGMENT AND PERMANENT INJUNCTION**<br><br>Date:           January 5, 2009<br>Time:          8:30 a.m.<br>Place:         Courtroom No. 9<br>Compl. Filed:  September 10, 2008<br><br>Hon. Valerie Baker Fairbank<br><br>[Filed concurrently with Motion for Default Judgment, Declaration of Noah Campos, and Declaration of Henry C. Wang] |

Good cause appearing, the Court hereby GRANTS Plaintiff Pinkberry, Inc.'s ("Pinkberry") Motion for Default Judgment against Defendants Monkee's Teriyaki, Inc. and Yonghee Kim (collectively, "Defendants") and IT IS HEREBY ORDERED that final judgment be and hereby is entered as follows:

1.  Pinkberry owns all rights in and to the United States Trademark Registrations for the following marks (collectively, "PINKBERRY Marks"):

| TRADEMARK | REG. NO. | ISSUE DATE | GOODS AND SERVICES |
| --- | --- | --- | --- |
| PINKBERRY | 3,302,143 | October 2, 2007 | Frozen yogurt; frozen yogurt based dessert, combined with fruit, nuts, cereal and shaved ice and rice cakes; and smoothies |
| PINKBERRY | 3,460,697 | July 8, 2008 | Restaurant services; restaurants; take-out restaurant services, café-restaurants; fast-food restaurants |
| Stylized Leaf and Berry Swirl Design | 3,461,027 | July 8, 2008 | Express restaurant services, food kiosk services, and carry-out restaurant services featuring frozen yogurt-based desserts, frozen dairy desserts, smoothies and shaved ice |
| PINKBERRY & Stylized Leaf and Berry Swirl Design | 3,460,702 | July 8, 2008 | Restaurant services; restaurants; take-out restaurant services; café-restaurants; fast-food restaurants |

2.  The PINKBERRY Marks are coined, arbitrary and famous marks that are entitled to broad protection.

3.  Defendants have operated at least one restaurant in which they sell frozen yogurt under the mark, "Coolberry," and a corresponding logo (collectively, the COOLBERRY Marks"), attached hereto as Exhibit A.

4.  On or about September 10, 2008, Pinkberry commenced an action against

Defendant for damages and equitable relief in the United States District Court for the Central District of California, entitled <u>Pinkberry, Inc. v. Monkee's Teriyaki, Inc. d/b/a Monkee Express and Yonghee Kim</u>, CV 08-05924 VBF (JCx) (the "Action").

### A.    Permanent Injunction

Defendants, its subsidiaries, affiliates, agents, servants, employees, representatives, successors and assigns, and all persons, firms or corporations in active concert or participation with Defendant, shall be permanently restrained and enjoined from:

(1)   Using any of the COOLBERRY Marks; using any name or logo similar to any of the PINKBERRY Marks in a manner that is likely to cause consumer confusion or mistake or to deceive; and using any mark that uses the word "BERRY" in a non-descriptive manner, after midnight of January 30, 2009, in connection with the sale, distribution or promotion of goods or services, including such use on or with any and all signage, uniforms, cups, napkins, decor, menus, banners, advertisements, Internet websites, coupons and any other promotional materials;

(2)   Using any mark or logo that consists of a "swirl" or "swirl-like" design in connection with the sale, distribution or promotion of any goods or services, including on or with Defendants' signage, uniforms, cups, napkins, decor, menus, banners, advertisements, Internet websites, coupons and any other promotional materials;

(3)   Engaging in any conduct that falsely represents, or is likely to confuse, mislead or deceive consumers or members of the public that Defendants' actions, sales, services, and/or products are sponsored by, endorsed by, licensed by, or connected or otherwise affiliated with Pinkberry or its subsidiaries; and

(4)   Diluting, blurring or tarnishing the distinctive nature of Pinkberry's name and the PINKBERRY Marks.

### B.    Destruction of Materials

Within thirty (30) days of entry of judgment for Pinkberry, Defendants, its subsidiaries, affiliates, agents, servants, employees, representatives, successors and

assigns, and all persons, firms or corporations in active concert or participation with Defendants, shall destroy or deliver up for destruction to Pinkberry:

(1) Any and all remaining goods, apparel, merchandise, products, labels, signs, packaging wrappers, containers, advertising or promotional materials, letterhead, business cards, and any other writing materials used in its business, which display, reproduce, consists, or bear the COOLBERRY Marks; and

(2) Any remaining screens, designs, blueprints, drafts, patterns, plates or negatives used specifically in connection with the COOLBERRY Marks.

### C. Violation of Injunction

Violation of this Consent Judgment and Permanent Injunction shall subject Defendants to contempt and any remedy available at law or equity, including, but not limited to, injunctive relief, monetary damages and the award of reasonable attorneys' fees and costs in enforcing this injunction.

### D. Jurisdiction

This Court shall retain jurisdiction over any enforcement action of this injunction.

### E. Judgment

Judgment on all claims and causes of action shall be, and is hereby, entered in favor of Plaintiff Pinkberry, Inc. accordingly and all claims and causes of action dismissed with prejudice. Plaintiff Pinkberry, Inc. is to be awarded its costs and attorneys' fees in the amount of $ 8,119.48 or as otherwise fixed by the Court.

**IT IS SO ORDERED.**

DATED: January 26, 2009

_____
The Honorable Valerie Baker Fairbank
United States District Judge